**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                   :
DENNIS D. TREUDE, SR.,             :  CIVIL ACTION NO. 06-5267 (MLC)
                                   :
     Plaintiff,                    :      MEMORANDUM OPINION
                                   :
     v.                            :
                                   :
MATRIX DEVELOPMENT GROUP,          :
et al.,                            :
                                   :
     Defendants.                   :
                                   :
```

The Court ordered the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 2.) The Court, for the following reasons, will grant the order to show cause and dismiss the complaint.

**BACKGROUND**

**I. Action**

The plaintiff — as administrator of the estate of Dennis D. Treude, Jr. ("Treude Jr.") — brought this action (1) on November 2, 2006, (2) to recover damages for the wrongful death of Treude Jr., and (3) against the defendants, Matrix Development Group ("MDG"), GMAC Construction ("GMAC"), Hatzel & Buehler, Inc. ("HBI"), and UR Rentals, a/k/a United Rentals ("UNR"). (Dkt. entry no. 1.) He asserts jurisdiction under Section 1332. (Compl., at ¶ 11.) The plaintiff, by choosing to proceed in federal court rather than state court, bears the burden of demonstrating jurisdiction. See McCracken v. Murphy, 129

Fed.Appx. 701, 702 (3d Cir. 2005); see also Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking).

**II.  Order To Show Cause**

The plaintiff asserted in the complaint that he is a Pennsylvania citizen.  (Compl., at ¶ 3.)  But he is deemed to be a citizen of the state where Treude Jr. was a citizen, because the legal representative of a decedent's estate is deemed to be a citizen of the same state as the decedent.  See 28 U.S.C. § 1332(c)(2).  The plaintiff failed to allege the citizenship of Treude Jr. in the complaint.

The plaintiff also alleged in the complaint that MDG and GMAC are New Jersey corporations with their principal places of business in New Jersey.  (Compl., at ¶¶ 4-5.)  But the Court was concerned that MDG and GMAC were limited liability companies.[1]  Limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Kalian at Poconos v. Saw Creek Ests. Cmty.

---

[1] Westlaw's "Corporate Records" library lists (1) a limited liability company named "Matrix Development Group", and (2) no viable corporation named "GMAC Construction".  See also https://www.accessnet.state.nj.us/GatewayWatchNameSearch.asp (listing limited liability companies named "Matrix Development Group" and "GMAC Construction".)

Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003). Each membership layer of a limited liability company must be analyzed to determine its citizenship. Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company); Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer). Thus, if either MDG or GMAC is a limited liability company, then the plaintiff failed to properly allege the citizenship of either entity in the complaint.

The Court also was concerned that the plaintiff's citizenship allegations on HBI and UNR were inaccurate. (See Compl., at ¶¶ 6-7.)[2]

The Court was unable to determine if the plaintiff was deemed a "citizen[] of [a] different State[]" in relation to each defendant due to his deficient pleading. 28 U.S.C. § 1332(a)(1). A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). Thus, the Court advised the plaintiff that the complaint would be dismissed for lack of jurisdiction under

---

[2] Westlaw's "Corporate Records" library listed HBI as being incorporated in New York, whereas the plaintiff alleged that it was incorporated in Delaware.

3

Section 1332 unless he (1) alleged the citizenship of Treude Jr., with supporting documentation, (2) determined the nature of ownership, and properly alleged the citizenship, of each defendant (e.g., corporation, limited liability company) as of November 2, 2006, with supporting documentation, and (3) demonstrated jurisdiction under Section 1332.  (Order to Show Cause, at 3.)

The Court, in the order to show cause, specifically advised the plaintiff that "if a defendant is a limited liability company, then he must specifically list each member to satisfy the Court's inquiry."  (Id. at 3-4 (emphasis added).)  The Court also specifically advised:

> that allegations as to where a party or a member of a party resides, is domiciled, is licensed, or has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982); see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970)[.]

(Order to Show Cause, at 4 (emphasis added).)

### III. Plaintiff's Response

The plaintiff now properly alleges that he is deemed to be a citizen of Pennsylvania.  (Pl. Resp., at ¶ 2 & Ex. A.)  He also properly alleges that UNR is a citizen of Delaware, Connecticut, and New Jersey, and thus is of diverse citizenship in relation to him.  (Pl. Resp., at ¶ 7 (asserting UNR incorporated in Delaware); id. at Ex. E (statement showing UNR incorporated in

Delaware with Connecticut principal place of business); Compl., at ¶ 7 (alleging New Jersey principal place of business).)  But the plaintiff's responses as to MDG, GMAC, and HBI are deficient.

## DISCUSSION

**I.  MDG**

The plaintiff, in response to the Court's inquiry, asserts:

> As to the citizenship of [MDG], attached please find three corporate lookups, although showing names added to the end, e.g. Investments and/or Associates, all three companies are one in the same with the same Officers/Directors/Members.  All Officers/Directors/Member of [MDG], whether it be a subsidiary or not, are citizens of the State of New Jersey.

(Pl. Resp., at ¶ 5 (as stated in original).)

The plaintiff then refers the Court to an exhibit, which is annexed to his response and contains three reports.  (Pl. Resp., Ex. C.)  The first report lists an entity identified as Matrix Development Group Investments, LLC  ("First MDG Entity"), which is described therein as being a limited liability company.  (Id., 1st MDG Report, at 1.)  The report also states, without more:

> Officers/Directors/Members
> 
> 1)   Title:    Vice President
>      Name:     Donald Epstein
>      Address:  c/o Matrix Realty Inc
>                Cranbury, NJ 08512
> 
> 2)   Title:    President
>      Name:     Joseph Taylor
>      Address:  c/o Matrix Realty Inc
>                Cranbury, NJ 08512

(Id. at 2.)

The second report lists an entity identified as Matrix Development Group Associates, L.L.C. ("Second MDG Entity"), which is described therein as being a limited liability company.  (Id., 2d MDG Report, at 1.)  The report also states, without more:

> Officers/Directors/Members
>
> 1)   Title:    Vice President
>      Name:     Donald Epstein
>      Address:  c/o Matrix Realty Inc
>                Cranbury, NJ 08512
>
> 2)   Title:    President
>      Name:     Joseph Taylor
>      Address:  c/o Matrix Realty Inc
>                Cranbury, NJ 08512

(Id. at 2.)

The third report lists an entity identified as Matrix Development Group, Inc. ("Third MDG Entity"), which is described therein as being a "foreign" corporation, but with its status as being "revoked for not filing annual report for 2 consecutive years."  (Id., 3d MDG Report, at 1.)  Its principal place of business appears to be in New Jersey.  (Id.)

The plaintiff's response is deficient.  He provides no guidance as to whether he is bringing this action against the First MDG Entity, Second MDG Entity, or Third MDG Entity, or perhaps all of them.  The Court cannot discern if the action is between citizens of different states if the plaintiff fails to meet the basic requirement of identifying the defendant.  The Court will not guess which entity the plaintiff intends to sue.

Assuming the plaintiff intends to name either the First MDG Entity or Second MDG Entity — or perhaps both, as he fails to clarify this — he only produces the names of the president and vice president of each entity, and fails to allege whether they were the only members on November 2, 2006.  Non-managing members are still members to be listed for a jurisdictional analysis.  Furthermore, the reports appear to list the business addresses for the president and vice president, and thus do not properly invoke citizenship.  (See Order to Show Cause, at 4.)

If the report on the Third MDG Entity is accurate, then this entity — assuming it may be deemed to exist — is not a corporation incorporated in New Jersey.  (Pl. Resp., Ex. C, 3d MDG Report, at 1 (stating it is "foreign").)  Thus, this report directly contradicts the sworn complaint, wherein the plaintiff alleges that MDG is "a New Jersey corporation."  (Compl., at ¶ 4.)  Indeed, the plaintiff has failed to assert in which state the Third MDG Entity is incorporated, and thus has failed to assert its citizenship.  See 28 U.S.C. § 1332(c)(1) (stating corporation deemed citizen of both state of incorporation and state where has principal place of business).[3]

---

[3]  This report includes the phrase: "Home Jurisdiction: DE." (Pl. Resp., Ex. C, 3d MDG Report, at 1.)  The plaintiff, in his response, neither asserts that the Third MDG Entity is incorporated in Delaware, nor specifically refers the Court to the aforementioned phrase.

**II. GMAC**

The plaintiff does not assert in response to the Court's inquiry that GMAC is a corporation.  He also does not assert that GMAC is a limited liability company.  Instead, he advises the Court that GMAC "may be a limited liability company."  (Pl. Resp., at ¶ 4 (emphasis added).)  He advises further that "the Officers/Directors/Members are all citizens of the State of New Jersey."  (Id.)

He refers the Court to a report, which is annexed to his response and lists an entity identified as GMAC Construction, Limited Liability Company.  (Pl. Resp., Ex. B., GMAC Report, at 1.)  The report, under the heading "Officers/Directors/Members", states the names and apparent home addresses of the president and vice president of this entity, and no other members — if any — on November 2, 2006.  (Id. at 2.)

The plaintiff, as with MDG, does not clarify what type of entity he is suing.  It "may" be a limited liability company; as the party choosing to proceed in federal court under Section 1332 jurisdiction, he should know the nature of ownership of each defendant.  Once again, a court cannot discern if the action is between citizens of different states if a plaintiff has failed to meet the basic requirement of identifying, and describing the nature of ownership of, the defendant.

8

**III. HBI**

The plaintiff, in the complaint, asserted that HBI is a Delaware corporation with a Delaware principal place of business. (Compl., at ¶ 6.)  In response to the Court's inquiry, he asserts that "upon further investigation it was discovered that [HBI] is indeed incorporated in the State of New York."  (Pl. Resp., at ¶ 6.)  He then refers the Court to a report, which (1) identifies HBI as a "foreign" corporation, (2) includes the phrase "Home Jurisdiction: NY", (3) lists the "main business address" as being in Delaware, (4) lists the "principal business address" as being in New Jersey, and (5) lists the business addresses of HBI's officers as being in Delaware.  (Id., Ex. D, at 1-2.)  All of this random information provided by the plaintiff — in terms of ascertaining jurisdiction under Section 1332 — is indicative of nothing at best, and contradictory at worst.

## CONCLUSION

The plaintiff has not heeded the Court's admonishment that a court "should not need to underscore the importance of adequately pleading and proving diversity" when a party is represented by counsel.  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).  (See Order to Show Cause, at 5.)  He has failed to demonstrate that he is a citizen of a different state in relation to each defendant.  The plaintiff's counsel should pursue these state law claims in state court.

The Court will grant the order to show cause and dismiss the complaint.  However, this dismissal will be without prejudice to re-commence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint.  See Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).  For good cause appearing, the Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper       
**MARY L. COOPER**
United States District Judge